Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
James E. Rogers College of Law, Univ. of Arizona
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

Attorney for plaintiff Jose Arturo Salas Galvez

**UNITED STATES DISTRICT COURT**
DISTRICT OF ARIZONA

| | |
|---|---|
| JOSE ARTURO SALAS GALVEZ,<br><br>Plaintiff<br><br>v.<br><br>HECTOR M. RODRIGUEZ, ERICA SANDOVAL, JASON'S MEXICAN FOOD II, LLC DBA JASON'S MEXICAN FOOD, TAQUERIA JASON, AND TAQUERIA Y RASPADOS JASON,<br><br>Defendants. | Case No. ______________<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND ARIZONA MINIMUM WAGE AND WAGE PAYMENT LAWS |

**INTRODUCTION**

1. This is an action by plaintiff Jose Arturo Salas Galvez (hereinafter "Mr. Salas" or "plaintiff") against his former employers, Hector M. Rodriguez (hereinafter "Mr. Rodriguez"), Erica Sandoval (hereinafter "Ms. Sandoval"), and Jason's Mexican Food II, LLC, doing business as Jason's Mexican Food, Taqueria Jason, and Taqueria y Raspados Jason (hereinafter together referred to as "defendants" and each a "defendant").

2. Defendants own and operate restaurants at several locations in Tucson, Arizona.

3. Mr. Salas was employed at three of defendants' restaurants from September 22, 2014 until October 22, 2015 as a cook. He worked at defendants' restaurants located at the following addresses: 6041 E. 22nd Street, 2400 N. Pantano Road, and 4230 N. Oracle Road in Tucson, Arizona.

4. During nearly every week of his employment with defendants, Mr. Salas worked more than 40 hours each week, but he was never paid at a rate of one and one half times his hourly wage. For some weeks, he was not paid any wages at all.

5. Plaintiff brings this action in order to recover damages arising out of defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Arizona's Wage Payment Law, A.R.S. § 23-350, et seq., and Arizona's Minimum Wage Law, A.R.S. § 23-362, et seq.

6. Specifically, plaintiff seeks remedies for non-payment of wages, including liquidated, compensatory and punitive damages, prejudgment interest, and costs and attorneys' fees, as provided by law.

## **JURISDICTION AND VENUE**

7. This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges causes of action under Arizona state laws that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c), because defendants conduct business in this District and because defendants failed to pay plaintiff wages for services performed in Arizona.

**PARTIES**

9. Plaintiff Jose Arturo Salas Galvez is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona. Mr. Salas was an employee of defendants from September 22, 2014 until October 22, 2015. He worked as a cook at defendants' restaurants, located at 6041 E. 22nd Street, 2400 N. Pantano Road, and 4230 N. Oracle Road in Tucson, Arizona. In addition to working as a cook, Mr. Salas washed dishes, operated the cash register, took orders from customers, served customers food, washed dishes, and cleaned the restaurant.

10. Defendant Hector M. Rodriguez is a natural person and husband of defendant Erica Sandoval. He resides in Pima County, Arizona. He is the owner of the restaurants where Mr. Salas was employed and of defendant Jason's Mexican Food II, LLC. Mr. Rodriguez directly supervised every aspect of Mr. Salas's employment. He set Mr. Salas's hours, told him in which location he was to work, set his wage, managed his payroll, signed his paychecks, directed the tasks he performed and the manner in which he performed them, hired him, and had the authority to terminate his employment.

11. Defendant Erica Sandoval is a natural person and wife of defendant Hector M. Rodriguez. She resides in Pima County, Arizona. She supervised Mr. Salas's employment by directing the tasks he performed and the manner in which he performed them at the restaurant located at 6041 E. 22nd Street. She had the authority to terminate his employment.

12. Defendant Jason's Mexican Food II, LLC is an Arizona limited liability company located at 4230 N. Oracle Road #100 in Tucson, Arizona which conducts business as Jason's Mexican Food, Jason's Taqueria, and Jason's Taqueria and Raspados, the restaurants owned by defendant Hector M. Rodriguez.

## FACTUAL ALLEGATIONS

13. Mr. Salas was employed by defendant at three different restaurant locations: 6041 E. 22nd Street, 2400 N. Pantano Road, and 4230 N. Oracle Road in Tucson, Arizona from September 22, 2014 until October 22, 2015.

14. During Mr. Salas's employment, he worked as a cook, cashier, dishwasher, cleaner, and server at the direction of defendants Mr. Rodriguez and Ms. Sandoval.

15. Every aspect of Mr. Salas's employment was directed by defendant Mr. Rodriguez. He hired Mr. Salas, had the authority to fire him, set his schedule, directed the tasks he was to perform and the manner in which he performed them, set his wage, signed his paychecks.

16. Defendant Ms. Sandoval also directed substantial aspects of Mr. Salas's employment. She had the authority to fire him and directed the tasks he was to

perform and the manner in which he performed them when he worked at the restaurant located at 6041 E. 22nd Street.

17. During nearly every week of his employment by defendant, Mr. Salas worked more than 40 hours without receiving compensation at a rate of one and one half times his hourly wage for each hour over 40. Some, but not all of the weeks that Mr. Salas worked more than 40 hours without receiving one and one half times his hourly wage were the weeks from May 8, 2015 through July 30, 2015.

18. Between approximately July 31, 2015 and September 10, 2015, Mr. Salas worked his regular schedule of more than forty hours per week without receiving any wages at all.

19. Defendants did not maintain accurate record of plaintiff's wages earned and hours worked. Defendants failed to provide plaintiff with accurate records of his wages earned and hours worked upon request.

20. Defendants did not post notices in view of employees regarding the federal or state wage payment laws.

21. Defendants willfully ignored the possibility that federal and state law required Mr. Salas to be paid the minimum wage.

22. By willfully failing to timely pay all wages due, defendants enjoyed ill-gained profits at the expense of plaintiff.

23. At all times relevant hereto, plaintiff was engaged in commerce in that he directly and regularly participated in the movement of things in commerce by regularly using the instrumentalities of interstate commerce.

24. At all relevant times hereto, defendant Jason's Mexican Food II, LLC has been an enterprise that has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and have had an annual gross volume of sales made or business done of not less than $500,000.

25. Defendants have been, at all times relevant hereto, plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. §§ 23-350, 362 and are jointly and severally liable to plaintiff for violations of his rights under the FLSA and Arizona law.

**FIRST CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.***

1. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

2. Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who are "suffered or permitted to work" to have their employer pay the correct overtime rate for all hours worked in excess of forty hours in a workweek.

26. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.

3. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees.

4. During his entire employment, Mr. Salas regularly worked more than forty hours per week and defendant did not pay him overtime wages in violation of 29 U.S.C. § 207(a)(1).

5. For several weeks in 2015, Mr. Salas performed work but received no wages at all in violation of 29 U.S.C. § 206(a)(1)(C).

6. Defendant did not maintain accurate records of plaintiff's hours worked or wages earned, as required by 29 U.S.C. § 211(c).

7. Defendant acted neither in good faith nor with reasonable grounds to believe that his actions and omissions were not a violation of the FLSA.

8. Because defendant's violations of the FLSA demonstrated reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

9. Mr. Salas has been harmed as a result of defendants' violations of the FLSA. He has suffered financial damage and emotional distress due to defendants' refusal to pay her as required by FLSA.

10. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Mr. Salas seeks unpaid wages at the required legal rate for all of her working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

**SECOND CLAIM FOR RELIEF:**

**FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO POST NOTICES, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362 *et seq.***

11. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

12. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay to their employees.

13. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires employers to post notices informing employees of their rights under the Act.

14. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years and establishes a rebuttable presumption that the employer did not pay the minimum wage if the employer fails to maintain such records. Section 23-364(D) further requires that the employer permit the employee or her representative to "inspect and copy" payroll records upon request.

15. Defendant paid Mr. Salas no wages at all for approximately three weeks in 2015, in violation of A.R.S. §§ 23-363.

16. Defendant failed to post the notices required by A.R.S. § 23-364(D).

17. Defendant failed to maintain records of plaintiff's wages and hours or to disclose those records when they were requested by his representative.

18. Defendant was willful in that he demonstrated reckless disregard for the requirements of the Act.

19. Plaintiff has been harmed as a result of defendant's violations of the Act, including loss of earnings and emotional distress, all of which will be proven at trial.

20. Based on the foregoing and pursuant to A.R.S. § 23-364, Mr. Salas seeks unpaid wages at the required legal rate for all of his working hours during the relevant time period, double damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs, penalties and damages allowed by law.

**THIRD CLAIM FOR RELIEF:**

**FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 *et seq.***

21. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth again herein.

22. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including overtime wages, no later than sixteen days after the most recent pay period.

23. For several weeks in 2015, defendant paid Mr. Salas no wages at all, in violation of the FLSA, the Arizona Minimum Wage Act, and Arizona's Wage Payment Law.

24. Defendant did not pay Mr. Salas overtime for the hours that he worked in excess of forty per week, in violation of the FLSA.

25. Mr. Salas has been harmed as a result of the defendants' violation of A.R.S. § 23-351(C)(3), including loss of earnings and emotional distress, all of which will be proven at trial.

26. Based on the foregoing, Mr. Salas seeks treble damages pursuant to A.R.S. § 23-355(A).

## PRAYER FOR RELIEF

***WHEREFORE, plaintiff respectfully requests that this Court:***

A. Award Mr. Salas damages for unpaid overtime wages plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B. Award Mr. Salas twice the full amount of wages owed in violation of Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-364(F);

C. Award Mr. Salas three-times the full amount of wages owed, as provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

E. Award attorneys' fees and costs to Mr. Salas for legal services provided by the Workers' Rights Clinic of the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 et seq.;

F. Grant such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Tucson, AZ
May 20, 2016

Respectfully submitted,

BY: ________ __/s/________________

Nina Rabin

Attorney for Plaintiffs