Nina Rabin, AZ Bar #025246
Workers' Rights Clinic
University of Arizona Rogers College of Law
1145 N. Mountain Ave.
Tucson, AZ 85719
Telephone: (520) 621-9206
Fax: (520) 626-5233
rabin@email.arizona.edu

Attorney for plaintiff Jose Arturo Salas Galvez

**RUSING, LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Mark D. Lammers
State Bar No. 010335
mdlammers@rllaz.com
Oscar S. Lizardi
State Bar No. 016626
olizardi@rllaz.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

DISTRICT OF ARIZONA

_____

| | |
|---|---|
| JOSE ARTURO SALAS GALVEZ, | |
| | Case No. 4:16-cv-00292-JGZ |
| Plaintiff | |
| | |
| v. | **PROPOSED JOINT CASE** |
| | **MANAGEMENT PLAN** |
| HECTOR M. RODRIGUEZ, ERICA SANDOVAL, | |
| JASON'S MEXICAN FOOD II, LLC DBA JASON'S | |
| MEXICAN FOOD, TAQUERIA JASON, AND | |
| TAQUERIA Y RASPADOS JASON, | |
| | |
| Defendants. | |

_____

Pursuant to the Court's order of September 7, 2016, counsel for the parties submit the following

joint report:

1

1. **THE NATURE OF THE CASE.**

    a. **Plaintiff.**

Plaintiff was a nonexempt employee of defendants at three of their restaurants where he worked as a cook. Plaintiff worked in excess of 40 hours per workweek nearly every week he was employed by defendants without being paid one and one-half times his regular rate of pay for such time. For several months of plaintiff's employment, defendants paid plaintiff a flat, weekly wage. For other months of plaintiff's employment, defendants issued plaintiff two paychecks for each pay period, with one paycheck covering 40 hours of plaintiff's labor, and the other paycheck covering plaintiff's hours above 40. Defendants never paid plaintiff one and one half times his hourly wage for hours that he worked in excess of 40 in a given workweek. For several weeks in 2015, plaintiff worked more than 40 hours per week and was not paid any wages at all for his labor. Defendants failed to maintain accurate records of plaintiff's hours worked or wages paid and refused to share complete payroll records with plaintiff upon request.

Plaintiff is therefore entitled to relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, because defendants failed to pay the minimum hourly wage for several weeks, and failed to pay overtime wages for work plaintiff performed that exceeded 40 hours per workweek throughout plaintiff's employment with defendants. As such, and pursuant to 29 U.S.C. § 216(b), plaintiff may recover his unpaid wages, liquidated damages in an equal amount, and his reasonable attorney's fees and costs.

Furthermore, plaintiff is entitled to relief under the Arizona Minimum Wage Act, A.R.S. § 23-363 because defendants failed to pay the minimum hourly wage required by the Act for several weeks. Accordingly, pursuant to A.R.S. § 23-364, plaintiff must recover his unpaid

wages, interest thereon, and an additional amount equal to twice the underpaid wages, as well as his reasonable attorney's fees and costs.

Finally, plaintiff is entitled to relief under Arizona's Wage Payment Law, A.R.S. § 23-351 because defendants failed to pay plaintiff all wages due, including overtime wages, no later than sixteen days after the most recent pay period. Accordingly, pursuant to A.R.S. § 23-355, plaintiff may recover three-times the amount of his unpaid wages.

Defendants' manner and method of paying straight-time wages to plaintiff for time worked in excess of 40 hours, their payment of no wages at all for several weeks, and their practice of issuing separate paychecks during certain periods in an attempt to conceal the hours that plaintiff worked in excess of 40 during a given workweek demonstrate that plaintiff was not compensated in accordance with the law.

      **a. Defendants.**

Plaintiff was employed by Defendant Taqueria Jason from April 20, 2015 through July 30, 2015, and Jason's Mexican Food II, LLC from April 27, 2015 through October 22, 2015 as a cook. Plaintiff was paid hourly at the Federal minimum wage during his employment with Defendants. Defendants paid all their employees bi-weekly. Plaintiff was never paid a "flat, weekly wage."

Prior to April 20, 2015, Plaintiff used the facilities of Defendants for an outside catering business and was not employed by Defendants. Approximately between August 20, 2015 and September 28, 2015, Plaintiff worked for El Filiberto Mexican Food, which is unrelated and has no common control or ownership as Defendants. Any and all wages owed to Plaintiff for time periods which Plaintiff was not an employee of Defendants are not Defendants responsibility.

**2.   ELEMENTS OF PROOF.**

   **a.   Plaintiff.**

**Count I: Failure to Pay Wages, Overtime Compensation and Minimum Wage in Violation of the FLSA, 29 U.S.C. §§ 206, 207.** Plaintiff must prove (1) that he was employed by defendants during the relevant time period pursuant to 29 U.S.C. § 203, (2) that he was either engaged in commerce or in the production of goods for commerce, or that he was employed at an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. § 203, (3) that defendants failed to pay plaintiff the minimum wage for all hours worked in one or more workweeks in violation of 29 U.S.C. § 206, (4) that defendants failed to pay plaintiff an overtime premium for all hours worked by plaintiff in excess of 40 hours in one or more workweeks. If plaintiff meets his burden of establishing a prima facie case that he was not paid in accordance with the FLSA, defendants will have the burden to present evidence that plaintiff's evidence regarding unpaid wages is unreasonable. *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988).

**Count II: Failure to Pay the Minimum Wage in violation of the Arizona Minimum Wage Act, A.R.S. § 23-363.** Plaintiff must prove (1) that he was employed by defendants during the relevant time period pursuant to A.R.S. § 23-362 and (2) that defendants failed to pay plaintiff minimum wage for all hours worked by plaintiff in one or more workweeks in violation of A.R.S. § 23-363. If defendants do not produce accurate records of the hours worked and wages paid to plaintiff, there shall be a rebuttable presumption that plaintiff was paid less than the minimum wage pursuant to A.R.S. § 23-364.

**Count III: Failure to Pay Timely Wages in Violation of the Arizona Wage Payment Act, A.R.S. § 23-351.** Plaintiff must prove (1) that he was defendants' employee during the

relevant time period pursuant to A.R.S. § 23-350, and (2) that Defendants failed to pay wages to Plaintiff in one or more workweeks in violation of A.R.S. § 23-351.

    **b. Defendants.**

Defendants deny all allegations set forth in the Complaint except that Defendants admit they owe Plaintiff overtime wages for 222.5 hours at $4.03 per hour, for a total amount of $896.68 for a period of employment from May 12, 2015 through August 4, 2015.

**3.    FACTUAL AND LEGAL ISSUES IN DISPUTE.**

    **a.** Whether plaintiff was employed by defendant from September 22, 2014 until October 22, 2015.

    **b.** Whether plaintiff used defendants' facilities for an outside catering business.

    **c.** Whether Plaintiff worked for other employers, including but not limited to, El Filiberto Mexican Food, during his employment with Defendants.

    **d.** Whether defendants were liable for the wages owed to plaintiff by any other employers during the relevant time period as joint or successor employers.

    **e.** Whether plaintiff worked more than 40 hours per week in one or more workweeks while employed by defendants.

    **f.** Whether plaintiff worked more than forty hours per week without receiving one and one half times his hourly wage.

    **g.** Whether defendants failed to pay plaintiff at the Arizona or federal minimum wage rates for one or more workweeks.

    **h.** Whether defendants failed to pay plaintiff any wages at all for one or more workweeks.

  **i.** Whether plaintiff was engaged in commerce or in the production of goods for commerce at all times relevant hereto.

  **j.** Whether Jason's Mexican Food II, LLC has been an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

  **k.** Whether defendants were joint employers of plaintiff in accordance with the FLSA, the Arizona Minimum Wage Act, and the Arizona Wage Payment Law.

  **l.** Whether defendants acted in good faith or with reasonable grounds to believe that their actions and omissions violated the FLSA.

  **m.** Whether defendants failed to maintain accurate payroll records of plaintiff's hours of labor and wages earned.

  **n.** Whether defendants' failure to maintain payroll records raises the rebuttable presumption that defendants failed to pay the Arizona minimum wage.

  **o.** Whether liquidated damages should be awarded.

  **p.** Whether plaintiff is entitled to an award of attorneys' fees, costs and expenses.

  **q.** Whether defendants are entitled to an award of attorneys' fees, costs, and expenses.

**4.** **JURISDICTIONAL BASIS.**

This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C § 1331. This complaint also alleges causes of action under Arizona state laws that arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

**5.** **PARTIES WHO HAVE NOT BEEN SERVED OR ANSWERED.**

All defendants have been served and have filed an answer.

6. **PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION.**

The parties are not aware of any parties not subject to this Court's jurisdiction.

7. **DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES THAT CAN BE DECIDED BY PRE-TRIAL MOTIONS.**

The parties agree that some claims may be appropriate for disposition by summary judgment, but that further discovery is necessary to identify these claims.

8. **FEASIBILITY OF ABBREVIATED BRIEFING SCHEDULE FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT.**

   a. **Plaintiff.** Plaintiff is willing to consider an abbreviated schedule for cross-motions for summary judgment.

   b. **Defendants.** Defendants are not willing to consider an abbreviated schedule for cross-motions for summary judgment.

9. **REFERENCE TO ARBITRATION, A MASTER, OR TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**.

The parties do not believe that this case is suitable for reference to arbitration, a master, or to a United States Magistrate Judge for Trial.

10. **STATUS OF RELATED CASES.**

There are no related cases pending before this Court or before other courts.

11. **INITIAL DISCLOSURES.**

Plaintiff and Defendants do not propose any changes in the form or requirements for disclosures under Rule 26(a) but propose that Initial Disclosures be exchanged by

November 2, 2016, which is 14 days from the Rule 16 conference currently scheduled for October 19, 2016.

**12. SUGGESTED CHANGES IN THE LIMITATIONS ON DISCOVERY IMPOSED BY RULE 26(b)(2).**

Plaintiff and Defendants do not propose any changes to the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2).

**13. SCOPE OF DISCOVERY.**

   a. **Extent, nature, and location of discovery.**

   i. **Plaintiff.** Plaintiff anticipates that discovery will be conducted in Pima County, Arizona. At this time Plaintiff anticipates that discovery will include written requests and depositions. Plaintiff anticipates that in addition to the disclosure process, plaintiff will seek through written discovery any and all personnel and financial records relating to plaintiff, information and records related to his employment and compensation, information and documents related to the defendants' policies and practices concerning compensation, information relating to agreements, arrangements, partnerships, or transfers between defendants and El Filiberto Mexican Food, and information and/or documents relevant to other issues.

   ii. **Defendants.** Defendants anticipate that discovery will be conducted in Pima County, Arizona. At this time Defendants anticipate that discovery will include written requests and depositions. Defendants anticipate that in addition to the disclosure process, Defendants will seek through written

discovery any and all employment records in the possession of Plaintiff, information and records related to his employment and compensation, and information and/or documents relevant to other issues.

    **b. Suggested changes to discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.**

The Parties do not propose any limitations to discovery imposed by Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.

    **c. Number of hours permitted for each deposition, unless extended by agreement.**

The Parties propose that presumptive limits be placed on the number of hours for each deposition.

**14. ISSUES RELATING TO THE DISCLOSURE OF ELECTRONICALLY STORED INFORMATION.**

At this time, the parties do not anticipate any issues with respect to the disclosure or discovery of electronically stored information.

**15. ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT.**

At this time, the parties do not anticipate any issues with respect to the work product or privilege.

**16. PROPOSED DEADLINES FOR:**

    **a. Initial disclosures required by Fed. R. Civ. P. 26(a)(1).**

The parties propose that initial disclosures be complete no later than November 2, 2016.

    **b. Addition of parties or amending complaint.**

       i. **Plaintiff.** Plaintiff anticipates filing a motion to amend the complaint on or before November 2, 2016.

       ii. **Defendants.** Defendants may file as a non-party at fault El Filiberto Mexican Food on or before December 1, 2016.

   c. **Discovery.**

The parties propose to complete all discovery by March 1, 2017.

   d. **Filing dispositive motions.**

The parties propose to file dispositive motions by April 3, 2017.

   e. **Disclosure of initial expert testimony and rebuttal expert testimony.**

The parties do not anticipate the need for expert testimony at this time.

   f. **Disclosure of witness list.**

The parties propose to exchange witness lists by March 1, 2017.

   g. **Filing of settlement status reports.**

The parties propose to file settlement status reports by March 15, 2017.

   h. **Filing pre-trial statement.**

The parties propose to file pre-trial statements by May 1, 2017.

**17. <u>EVIDENTIARY HEARINGS.</u>**

The parties do not anticipate evidentiary hearings at this time.

**18. <u>ESTIMATED DATE AND LENGTH OF TRIAL.</u>**

   a. **Plaintiff.** Plaintiff requests a bifurcated trial, with the liability portion followed by damages. Plaintiff estimates that the liability phase of the trial will take approximately three days to complete and that the damages phase of the trial will take approximately three days to complete.

      **b. Defendants.** Defendants estimate a four (4) day trial on or after June 1, 2017.

**19.  JURY TRIAL.**

Plaintiff has requested a jury trial. Defendants have not contested that request.

**20.  PROSPECT FOR SETTLEMENT.**

      **a. Plaintiff.** Settlement talks have been unsuccessful this far. Plaintiff seeks an early resolution to this matter and is willing to engage in a settlement conference with a Magistrate Judge.

      **b. Defendants**. Defendants have submitted two settlement offers that have been denied by Plaintiff. Defendants seek an early resolution to this matter and are willing to engage in a settlement conference with a Magistrate Judge.

**21.  CLASS ACTIONS.**

The instant matter is not a class action.

**22.  ANY UNUSUAL, DIFFICULT, OR COMPLEX PROBLEMS.**

      The parties do not anticipate any unusual, difficult or complex problems that will affect the conduct of the case or require the case to be placed on the complex track for case management purposes.

**23.  SUGGESTIONS TO EXPEDITE THE DISPOSITION OF THIS MATTER.**

The parties propose a settlement conference with a Magistrate Judge to expedite the disposition of this matter.

RESPECTFULLY SUBMITTED this 13th day of October, 2016.

| THE WORKERS' RIGHTS CLINIC OF THE JAMES E. ROGERS COLLEGE OF LAW | RUSING LOPEZ & LIZARDI, PLLC |
|---|---|
| By /s/ Nina Rabin<br>Nina Rabin<br>Shayna Kessler<br>*Attorneys for Plaintiff* | By /s/ Mark D. Lammers<br>Mark D. Lammers<br>Oscar S. Lizardi<br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants and mailed a copy of the same to any non-registrants, this 13th day of October, 2016.

/s/ Shayna Kessler
Shayna Kessler

Mark D. Lammers
Oscar S. Lizardi
RUSING, LOPEZ & LIZARDI, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
*Attorneys for Defendants*